## DAVIS v. DALE.

| 2 | 205 |
|---|---|
| 45 | 127 |
| 2 | 205 |
| 47 | 405 |

The mere civil or legal possession of lands, not preceded by a real, actual possession, is insufficient to support a possessory action. C. P. 49.

Where depositions were admitted without objection at the time, a new trial will not be granted on the ground, that the defendant, by whom they were introduced, retained them in his possession until plaintiff had nearly closed his evidence, in consequence of which he was taken by surprise.

APPEAL from the District Court of Concondia, *Curry*, J.  *Shaw* and *Lawrence*, for the appellant.  *Stacy* and *Sparrow*, for the defendant.

The judgment of the court was pronounced by

KING, J.  This action is instituted by the plaintiff to recover the possession of a tract of land of which he claims to be the owner, and in the possession of which he alleges he has been disturbed by the defendant, *Dale*.  The defendant avers that he took possession of the land in controversy under the authority of its lawful owner, which possession he held for more than twelve months previous to the institution of this suit; and he further denies that the plaintiff was ever in possession.  The cause was tried by a jury, whose verdict was for the defendant, and the plaintiff has appealed.

The principal point presented in this controversy is, whether the plaintiff has ever been in *actual* possession of the land in dispute, under the title which he exhibits.  The character of the possession necessary to maintain actions of this kind has been considered as settled, since the interpretation given to the 49th article of the Code of Practice on the final decision of the case of *Ellis* v. *Prevost*, in which the question underwent an elaborate investigation. 19 La. p. 254. 13 La. 230.  That article requires that the possessor who claims to exercise this action, should have been in actual possession of the property at the instant when the disturbance occurred.  A mere civil or legal possession is insufficient.  In the case of *Ellis* v. *Prevost*, it was held that, civil or legal possession, which has been preceded by a corporeal detention of the property, authorised a resort to this action, although the possessor should not be in the actual occupancy at the moment of the disturbance, but that the mere civil or legal possession, which has not been preceded by such actual possession, was insufficient.  The correctness of these principles has not been seriously questioned, nor is it believed that they can be successfully controverted.  It remains to apply them to the facts of this case.  The plaintiff exhibited perfect titles in himself to the land in contest, and it devolved upon him to show that at some time he had held actual possession under them.  He never resided upon or cultivated the tract, and relies upon other circumstances to show the possession.  These are, that he caused the land to be surveyed, and for many years previous to the institution of this suit was in the habit of cutting trees upon it for the use of his plantation.

One of his witnesses states that he is the parish surveyor of Concordia, and was employed as such by *Davis*, in the summer of 1841, to ascertain the lines of the land, and particularly where the lines of the lots 47 and 48 met the lake ; that he did determine where they met the lake, and marked them.

DAVIS
v.
DALE

This person was not deputed to take possession for the proprietor, but merely employed to perform a professional act. This cannot be considered a taking of corporeal possession, but appears rather to have been a measure preparatory to that end. Another witness states that he acted as the agent of *Davis*, from the spring of 1839 to the spring of 1843, and during that time, annually, cut timber on the land in question for the use of the plaintiff's plantation, and with the plaintiff's authority. These are the only witnesses relied on by the plaintiff to show actual possession, and the foregoing is the substance of their testimony in his behalf. The witness last referred to underwent a second examination, when he qualified materially his previous statements. When last examined he testified that, personally, he had cut no timber on the land ; that, in the year, 1837, he directed none to be cut ; that, in 1838 or 1839, *Favor*, the plaintiff's overseer, cut timber on the land under his instructions. In 1840, none was cut ; and in 1841 or 1842, basket timber, for the use of the plantation, was taken from the tract. *Favor*, the person referred to, who was the overseer of the plaintiff, from 1837 to 1841, says, that during those years no timber was cut upon the land in contest, nor does he know of any having been cut at any time by slaves of the plaintiff. That the timber cut in 1839, was upon land more than half a mile distant from that in controversy. Several other witnesses, who appear to be well acquainted with the lines, and to have known the land for many years, state that *Davis* has never taken timber from it, that they are aware of, and could not well have done so without their knowledge. A jury, taken from the neighborhood, probably acquainted with the land and with the means of information possessed by the witnesses, appear to have concluded that the agent of the plaintiff had fallen into error, in supposing that the timber cut by his directions was taken from the land in dispute, and the weight of the testimony supports that conclusion. The character of the evidence is certainly not such as to authorize us to disturb their verdict. It does not, in our opinion, show conclusively any act indicating that the plaintiff has, at any time, either in person or by agent, had actual possession of the land in dispute.

A motion for a new trial was made on the ground that, the defendant's counsel retained in his possession the depositions of several of his witnesses taken in writing, until the plaintiff had nearly closed his evidence, whereby he was taken by surprise. These depositions were admitted without objection at the time, and the objection came too late after the trial of the cause. The irregularity of the proceeding, if it be one, should have been excepted to at the time when the depositions were offered.                    *Judgment affirmed.*