### Court of Appeals, Third Circuit.

### MARY ANN PETIT, Wife, *v.* ELODIE CORMIER, Widow.

1. By the writ of injunction, parties may be compelled to do, as well as to refrain from doing.

2. Where a party in peaceful possession of real property has been violently dispossessed, the writ of injunction may be issued to the disturber, commanding him to restore possession.

3. The rule that one who relies upon possession alone, without title, must show possession by enclosures and exact measurements, applies only where the defendant in a possessory action sets up an *adverse possession*, based upon mere intrusion or usurpation. It does not apply as against a plaintiff who has been disturbed by one who does not set up in himself an adverse possession.

### Appeal from the Thirteenth Judicial District Court. Hudspeth, Judge.

*J. N. Ogden* and *A. Bailey* for plaintiff, appellee.
*Lewis Brother* for defendant, appellant.

Plaintiff, in peaceful possession during many years, of certain real property, was dispossessed by defendant, and brought this action for the recovery of possession, praying at the same time for an injunction restraining defendant from further disturbing her lawful possession, and commanding also said defendant to restore the property. The writ issued as prayed for, but defendant refused compliance. A rule was thereupon taken to compel obedience, and to this rule defendant answered, setting up title in the defendant's deceased husband, and possession by him up to the time of his death, in June, 1880; denying that plaintiff had had lawful possession during the twelve months immediately preceding the institution of this suit, and averring that the said plaintiff has never had possession otherwise than through and by the trespass of William Millspaugh, who took possession thereof by stealth, when her (defendant's) husband's tenant, one Hewitt, vacated the premises. The court subsequently entered a decree in chambers, ordering defendant to relinquish possession, and later, on trial upon the merits, there was judgment in favor of plaintiff as prayed for. Defendant has appealed.

MOORE, J., after stating pleadings and facts—It is contended by the defendant, appellant, that the judgment should be reversed, plaintiff's suit dismissed and she be restored to the possession of the property. In brief, defendant's counsel contend that the writ of injunction will issue on the *ex parte* application of complainant, only in its remedial or prohibitory form—that is to say, when the purpose is to prohibit or restrain the performance of something; that in its mandatory form, when it commands something to be done, it cannot be issued until a hearing on the merits; and they cite, in support of this proposition, the case reported in 31 La. An. 497.

The next proposition is, that when an interlocutory order has been granted in error, and the order has been executed beyond recall, the appellate court, though it can give no adequate remedy, or practical relief, will annul the order at the costs of the plaintiff in injunction; and in support of this proposition we are referred to the case reported in 26 La. An. 603.

They also urge, that one who relies upon possession alone, and shows no title, must show possession by enclosures, by inches, and they refer us to 9 Martin La. 174; 19 La. 257.

So far as concerns the first proposition, we find that the rule established by the decision in 31 La. An. 497, cited by both parties, and also 7 Rob. La. 442, according to our understanding, is, that although the writ of injunction in its mandatory form cannot issue *ex parte*, and before trial of the merits, yet, when a party has been prohibited by injunction, in its remedial form, from obstructing the exercise of a right, such as the right of passage or way, the right of possession, etc., he may be commanded to remove the obstruction, because the continuance thereof effects the injury that he is prohibited or enjoined from doing.

In McDonough v. Calloway, 7 Rob. La. 442, and in Pierce v. City of New Orleans, 18 La. An. 242, it was decided, that parties may be compelled to do, as well as to refrain from doing, certain acts. We are of opinion, therefore, that the order of the

court *a qua*, granting the writ and effecting the removal of defendant from the premises in question, was not erroneous.

The second proposition' of defendant's attorney we cannot sustain, for the reason that we do not think their first tenable.

As to the third proposition, " that one who relies upon possession alone, and shows no title, must show possession by enclosures, by inches," we find, on a careful reading of the authorities referred to, that the cases there decided were cases where the parties defendant in the possessory action had set up a possession *adverse* to that of plaintiff, and were mere intruders or usurpers; and the court was of opinion that the same rule that applied to the one applied to.the other, and made no distinction between an intruder and a usurper. Had the de-. fendant, in the case at bar, set up by way of defence to plaintiff's action, that she had possessed for more than one year, or for a sufficient length of time to have acquired the land by prescription, or the right of possession adversely to plaintiff, then perhaps these decisions would apply ; but we do not think them applicable to this case. We are of opinion that the plaintiff has made her case certain by the evidence adduced on the trial.

As to the ruling of the court, admitting in evidence the inventory of the estate of J. H. Millspaugh, excepted to by plaintiff's attorney, we think the reasons given by the judge *a quo* for his ruling, good. The evidence was not admitted to show title, but to show· possession alone. The objection went really to the effect of the evidence. In our opinion, it did not prove what it was admitted to prove, and it was in for no other purpose. The plaintiff had a right to invoke the remedy by injunction. *Vide* C. P. Art. 298, No. 5; 29 La. An. 795, and authorities already cited.

* She was entitled to the action for possession of the property. She has shown that she possessed the property when she·was disturbed, through her agent ; that she had possessed it quietly and without interruption, as owner, for more than one year prior to her being disturbed, having, during the whole

time, leased the property to her tenants, and collected the rent; that she had suffered a real disturbance, in fact, and that she brought her action within the year in which the disturbance took place. C. P. Arts. 46, 47, 49, 53.

Judgment affirmed, with costs.