———o———

No. 6419.

## MRS. ELLA JOHNSON KENNEDY, ET AL., vs. SALMEN BRICK & LUMBER CO.

### Syllabus.

One who possesses for ten years, in good faith, as owner, under a deed translative of title, becomes in fact and in law, the real owner of the property thus possessed, and may sell, or otherwise dispose of such property as he pleases.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 106,394. Honorable F. D. King, Judge.

H. Kenner, for plaintiff and appellant.

Lemle, Jones & Moreno, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is a petitory action.

Maurice Robert, petitioner's grand-father, was the original patentee from the U. S. Government of a tract of land in the Parish of St. Tammany, containing 140 acres, and including the property herein specially claimed.

At his death the property was sold by the administrator of his estate and bought in by Mrs. Emeline Joyner, Widow of said Maurice Robert, and grand-mother of petitioners.

Mrs. Emeline Joyner Robert, petitioners' grand-mother, as aforesaid, died intestate about the year 1880, leaving as her only heirs her two children, Edgar P. Robert and Eloise N. Robert, who afterwards married Richard R. Johnson.

And petitioners are the sole heirs of the aforesaid Mrs. Eloise Robert Johnson, who was born September 16th, 1855, and died intestate on April 5th, 1897, being then 41 years and six months of age.

Petitioners accordingly claim a half interest in the whole tract of 140 acres aforesaid; and in their original petition they ask for judgment against the defendant recognizing their claim in full as aforesaid.

But by supplemental petition they admitted that defendant was in possession of only two parcels of the land; one consisting of four lots of ground in the Town of Slidell, forming the corner of First and Fremeaux Sts., on which now stands the building known as the ''Commercial Hotel;'' the other consisting of a tract situated in the same Town of Slidell, facing Bayou Bonfouca and the New Orleans & North Eastern Railroad, and occupied as a brick and lumber yard.

For convenience we term the former the "Hotel Property," and the latter, the "Brickyard."

This controversy therefore concerns those two parcels only and has no bearing whatever on petitioners' claim to other portions of the larger tract.

## II.

The defendant sets up, among other defenses, unnecessary to consider, that at the time they purchased the two parcels aforesaid, their immediate vendors had acquired a good, valid and perfect title thereto by the prescription of ten years, having possessed said properties as owners in good faith for more than ten years under deeds translative of property.

## III.

As Mrs. Eloise Robert Johnson, petitioners' mother, came of age September 15th, 1876, and lived to April 5th, 1897, there was a period of 20 years and six months during which prescription might run against her if the other necessary conditions were present during that time; and there remained to consider only whether such conditions did in fact exist. For if those conditions prevailed her title to these two parcels of land was extinguished, and petitioners acquired no interest therein at her death.

## IV.

As to the "Hotel Property." It is shown that by a deed-passed before Gustave LeGardeur, Notary for the Parish of Orleans, on August 4th, 1882, Mrs. Francoise Jacquet, Widow by first marriage of Edme Nargaud, and wife separate in property of Antoine C. Prevost, bought this property from William H. Hardie, the deed being perfect in form and describing the property minutely and correctly.

It is shown that Mrs. Prevost was in physical possession of the property in the month of February, 1884, running a grocery and barroom upon the premises and claiming to be the owner of the property.

It is further shown that Mrs. Prevost died about the year 1892, and her heirs (two daughters by her first marriage) sold the property to Elijah H. Linton, who demolished the old house and erected the building which now stands upon the property, being the same which is now occupied as a hotel. And on April 28th, 1896, Linton sold the property to the defendants.

Here there was a period of twelve years (February, 1884 to April, 1896) within the period of 20 years aforesaid, in which we find a physical possession at the outset and a physical possession at the end, possession in the meanwhile being presumed.

> C. C., 3492, 3493, 3442, 3443, 3441, Also Wilcoxson vs. Rogers, 16 L., 6; 15 La., 566; 19 La., 251.

And there being no evidence whatever to impugn the good faith of Mrs. Prevost or Linton, the same is also presumed.

> C. C., 3481.

As to the character of the possession which these parties had, the law fixes that. One is presumed to possess as owner unless it be shown that he possess for another.

> C. C., 3488.

### V.

As to the "Brickyard." It is immaterial how or when one Junot Robert came into possession of the property, suffice it to say, that in February, 1884, he was in physical possession thereof, occupying a house then standing up-

on the premises and there to the preent day, and that he claimed to be the owner of the property.

It is shown that by act passed before John R. Legier, Notary for the Parish of Orleans, on February 14th, 1887, Mrs. Anna C. Dittmar, wife of Michael Edmonds, with her separate funds, bought this property of the said Junot Robert, and occupied it with her said husband until his death, and after that with her second husband, named Massicot. After the death of the latter she removed to Lafayette, La., and whilst living there sold the property to the defendant, to-wit, on September 19, 1901.

From February 14th, 1887, when Mrs. Edmonds purchased this property, to April 5th, 1897, when petitioners' mother died, was a period of ten years and one month, during the period of twenty years aforesaid.

And all that has been said with reference to the other property, about the form of the deed, the description of the property, the good faith of the possessor, and the character of the possession may be repeated here.

From the foregoing it results that the title of petitioners' mother to the aforesaid two parcels of land had been extinguished by prescription at the time of her death; and petitioners acquired no interest therein by inheritance from her.

It is therefore ordered that the judgment appealed from be affirmed.

Opinion and decree, June 30th, 1915.

Rehearing refused, July 22nd, 1915.