FOURNET, Justice.
 

 The relatrix, Bell B. Lee, claiming to be the owner and in actual possession of Lot 163 of Square 17 in the village of Darrow, Ascension Parish, with the improvements thereon, for more than 30 years,, through herself and her authors in title,, instituted this suit seeking to have the respondent, Felix Harris, enjoined from interferring with her possession of the property. The case is now before us on a writ of certiorari to review the judgment of the Court of Appeal for the First Circuit affirming the judgment of the district court rejecting her demands.
 

 It appears from the record that the property, the possession of which is in controversy, was the separate paraphernal property and in the actual physical and corporeal possession of Eliska White from the date she acquired it in February of
 
 *733
 
 1927 until her death in 1933, her surviving spouse, Amos Nye, remaining in possession thereof until his death in 1938. Thereafter Walter Robinson, a nephew and one of the heirs of Eliska White, took charge of the property for himself and his co-heirs and placed a man by the name of Felix Dorsey in possession thereof, under just what agreement the record does not clearly disclose. Although Robinson died in 1941, Dorsey continued to occupy the premises until November of 1942. The relatrix then took charge of the property for herself and her co-heirs by locking and barring the one-room building on the premises. She also plowed the fruit trees on the place and, in March of 1943, placed her daughter in possession thereof. When her daughter left the property about two months after this, the relatrix used the building as a storage place for potatoes and other produce. The respondent, Felix Harris, who had made a homestead entry of the property in June of 1943 under the provisions of Act No. 235 of 1938, attempted to take possession of the property thereafter by going on the premises and mowing the lawn and threatening to tear down the small building. The record also shows that the relatrix acquired the interest of her co-heirs in the property when she was informed by the tax collector that the redemption thereof for ,the unpaid taxes of 1931 would not pass title to her otherwise.
 

 Under the express provisions of the Code of Practice, “The injunction must be granted * * * When the defendant disturbs the plaintiff in the actual and real possession which such plaintiff has had for more than one year, either of a real estate or of a real right, of which he claims either the ownership, the possession or the enjoyment.” Article 298.
 

 Counsel for the respondent contends, however, that the relatrix is an irregular heir and that having been in the actual physical and corporeal possession of the property for less than the one year required by Article 49 of the Code of Practice she is not entitled to the relief sought, since an irregular heir is not entitled to the rights that usually flow to a legal heir, such as the seizin of the property, for its possession does not pass to an irregular , heir until he is placed in possession of the property by a judgment of court; in any event, that the relatrix is not entitled to include the terms of possession of Nye and Dorsey in the computation of the necessary year because these men were neither heirs nor possessing the property for the heirs. Counsel also contends that even if the possession of Nye and Dorsey could be included in this computation, there was a lapse of two months between the time Dorsey left the property and the relatrix took possession of it and that, necessarily, this broke the continuity of the time required under the article of the code.
 

 The respondent is mistaken in classifying the heirs of Eliska White as irregular heirs for while she died leaving no descendants nor mother nor father, she did leave nieces and nephews, the children and grandchildren, of a pre-deceased brother and. sister, who are legal heirs under
 
 *735
 
 Article 912 of the Revised Civil Code, and they became seized of the property she died possessed of at the moment of her death. Articles 940 and 941. Consequently, all of the rights and privileges flowing therefrom, including the right of possession “which the deceased had, continues in the person of the heir, as if there had been no interruption, and independent of the fact of possession.” Article 942. And ever since the decision of this court in the case of Ellis v. Prevost, 13 La. 230, decided in 1839, clarifying all of the contradictory provisions of our codes treating of possession, the character of possession necessary to maintain the possessory action has been considered settled and the jurisprudence of this state has been that once vested with, possession, the intention to continue therein is presumed to persist, whether or not the possessor actually occupies and detains the thing, until he is disturbed in fact or in law. See, Articles 3442, 3443, 3444 of the Revised Civil Code; Davis v. Dale, 2 La.Ann. 205; Taylor v. Telle, 45 La. Ann. 124, 12 So. 118; Handlin v. H. Weston Lumber Co., 47 La.Ann. 401, 16 So. 955; and Pittman v. Bourg, 179 La. 66, 153 So. 22.
 

 The respondent’s contention that the possession of Nye and Dorsey could not be tacked on to the possession of Eliska White’s heirs is without merit for the evidence shows their possession was by the sufferance of the co-heirs and .was not adversé to them, and the fact that the property was vacant for a short period before the relatrix took actual physical possession thereof did not disturb the possession of these heirs under the law just above, enunciated.
 

 As to counsel’s contention that upon the adjudication of the property to the state for unpaid taxes in 1932 Eliska White and her heirs were divested of their possession of the property, the Court of Appeal correctly held that the jurisprudence of this state is well settled that “A tax title does not, ipso facto, deprive the tax debtor of the actual possession of the property sold at tax sale, but such sale only gives the tax purchaser a right to be put in possession of the property under the tax deed in the manner provided by law. The State is no different in this respect from an individual adjudicatee. Handlin v. H. Weston Lumber Co., Ltd., 47 La.Ann. 401, 16 So. 955. There is nothing to show that the State ever took any steps to get actual possession of the property prior to the homestead entry of the defendant in June, 1943.”
 

 The contention that the relatrix was possessing for herself and not for her co-heirs is likewise without merit for the record shows that until she acquired the entire interest of her co-heirs in the property she was possessing for herself and for them and while it is possible that the instruments under which she acquired this interest might not be admissible in evidence for the purpose of proving title (which is not at issue here) without proof of the signatures thereto, because they were not drawn by a notary and not acknowledged before one, they were admissible for the purpose of showing the in
 
 *737
 
 tent of the relatrix; and the extent of her possession.
 

 For the reasons assigned, the judgments of the Court of Appeal for the First Circuit and of the district court rejecting the demands of the relatrix, Bell B. Lee, are annulled and set aside and it is now ordered, adjudged, and decreed that there be judgment in favor of the relatrix and against the respondent, Felix Harris, enjoining him from interfering with her possession of Lot 163 of Square 17 in the village of Darrow, Ascension Parish. All costs of this proceeding are to be borne by the respondent.
 

 HAWTHORNE, J., takes no part.