HARDY, Judge.
This is a possessory action and defendant has appealed from judgment in favor of plaintiff recognizing plaintiff’s right to possession and ordering defendant to assert any adverse claim of ownership by filing a petitory action within a period fixed by the court.
Defendant’s pleadings fail to assert any basis for a claim of title to the property involved, and the sole issue presented by this appeal is whether plaintiff-appellee has adequately proved possession of the property which would support this action and sustain the judgment confirming and maintaining his possession.
The pertinent facts may be briefly outlined. The property involved embraces a tract of approximately twenty-three acres, more or less, located in Caddo Parish, Louisiana. The property was owned in in-división by Mollie Stewart and Curtis Stewart to the extent of an undivided one-half interest each. Mollie Stewart lived in a house on the property for a period of almost thirty years beginning in 1929. By deeds of conveyance properly recorded plaintiff purchased the undivided one-half interest of Mollie Stewart and the same interest of Curtis Stewart in the subject property in the year 1950 and thereafter Mollie Stewart continued to live on the property by sufferance of the plaintiff until in or about the year 1958. Since his acquisition of title plaintiff has paid taxes on the property; caused one or more surveys to be made; required the removal of a building* from the property; rented space for an outdoor advertising sign located on the property, and built or repaired fences thereon. The disturbance of plaintiff’s alleged possession of the property arises from written notice, given by defendant’s attorney to plaintiff’s attorney, of defendant’s claim to an interest in the property, coupled with an offer to sell his interest to plaintiff, which act occurred within one year prior to the institution of this suit.
*827 The basis of defendant’s appeal lies in the contention that plaintiff failed to prove corporeal possession of the property for a period of one year prior to the institution of suit. In this connection it is pertinent to note that counsel for defendant-appellant properly concedes that plaintiff’s ■obligation of proof is fulfilled by the establishment of civil possession which was preceded by corporeal possession exercised either by himself or his ancestors in title. Alternatively, it is argued on behalf of appellant that, in any event, the possession which may have been proved by plaintiff was limited to the undivided one-half interest conveyed by Mollie Stewart, and, therefore, was not sufficient to constitute possession of the whole.
The nature of possession required to support the possessory action is set forth in C. ■C.P. Article 3660 which provides, inter alia :
“A person is in possession of immovable property or of a real right, within the in-tendment of the articles of this Chapter, when he has the corporeal possession .thereof, or civil possession thereof preceded by corporeal possession by him or his ancestors in title, and possesses for himself, whether in good or bad faith, or even as an usurper.” (Emphasis supplied)
It is clear from the record that plaintiff ■did not have actual corporeal possession of the property at the time of the occurrence ■of the disturbance of which he complains, and, therefore, the question for determination is whether plaintiff has established physical possession of the property by his ancestors in title which was transmitted to him and which was followed by evidence of his civil possession.
We have no question as to the correctness of the conclusion that Mollie Stewart exercised actual corporeal possession of the property for a long period of years prior to her conveyance of title to an undivided one-half interest in the property to plaintiff and that she continued to exercise this nature of possession for some seven or eight years subsequent to plaintiff’s acquisition of title. Nor can there be any doubt as to the fact that the record supports the exercise of civil possession by plaintiff since the date of his acquisition of title.
We think the issue presented is conclusively disposed by the case of Lee v. Harris, 209 La. 730, 25 So.2d 448. The facts in the cited case were somewhat similar to those which are under consideration and the principles of law enunciated in the opinion of Mr. Justice (now Chief Justice) Fournet are controlling. Inter alia, the opinion contains the following applicable pronouncements :
“ * * * ever since the decision of this court in the case of Ellis v. Prevost, 13 La. 230, decided in 1839, clarifying all of the contradictory provisions of our codes treating of possession, the character of possession necessary to maintain the possessory action has been considered settled and the jurisprudence of this state has been that once vested with possession, the intention to continue therein is presumed to persist, whether or not the possessor actually occupies and detains the thing, until he is disturbed in fact or in law.”
(Authorities cited) (Emphasis supplied)
The opinion further held that possession by sufferance which was not adverse to the possession of co-heirs of property could be tacked on to the possession of a claimant.
The cited case is also authority for the proposition that the possession of a co-owner is exercised for the benefit of other co-owners.
It therefore follows that the alternative argument as to the effect of Mollie Stewart’s possession of an undivided interest is of no importance in view of the established fact that she was in actual possession of the whole property despite the limitation of her title to an undivided one-half interest therein.
*828 Summing up our findings, it is clear that Mollie Stewart, as owner of title to an undivided one-half interest in the property, exercised and maintained corporeal possession as to the whole interest in the property up to the time of her conveyance of title to this plaintiff. Thereafter, for a period of years Mollie Stewart corporeally possessed the property as a tenant by sufferance of plaintiff. The corporeal possession of Mollie Stewart, both before and after plaintiff’s acquisition of title inured to his benefit and, followed by plaintiff’s civil possession, clearly supported his right to bring and maintain a possessory action and to be judicially confirmed in his possession.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.