DICKSON et al. *v.* J. MARKS.

To maintain the possessory action, the plaintiff himself or his vendors must have had actual possession of the land as owner for twelve months previous to the disturbance, unless he had been ejected by force and arms. A civil possession at the time of disturbance is sufficient when it has been preceded by an actual possession by the plaintiff or his vendors for one year.

The legal title to the public lands is vested in the United States Government, and the *civil* possession of lands accompanies the title. The United States Government has no such actual possession of the public domain as will enable the vendee of the Government to maintain a possessory action for a disturbance of possession, subsequent to the vendee's purchase.

Corporeal possession of lands is a residence on or occupation of or cultivation of the same

To maintain the possessory action, length of time of the possession is immaterial, when the party in possession was evicted by force or fraud.

Taking possession of land in the absence of the party already in possession, by fencing it in, is not a taking *vi et armis;* but such taking is perhaps a fraud..

Force or fraud in taking possession of land is a question of fact to be determined by the evidence adduced.

APPEAL from the District Court of Caddo, *Laud*, J.

*Landrum*, for plaintiffs and appellants.. *Crain, Nutt & Hodge*, for defendant.

VOORHIES, J. (SPOFFORD, J. recused himself.) This is a possessory action.

DICKSON<br>v.<br>MARKS.

The plaintiffs allege that they have been in the undisturbed and peaceable possession as owners of the land described in their petition since the year 1840, and for the last eleven years next preceding the filing of their petition; that the defendant has violently and illegally taken possession of the same within the last three months, &c.

They therefore pray that the defendant may he condemned to return to them the possession of said land and to pay them rent and damages.

The answer contains a general denial and an averment that the defendant himself has been in actual possession ever since 1848, &c.

The cause was tried by a jury, and from a judgment rendered on their verdict in favor of the defendant, the plaintiffs have appealed.

A bill of exceptions taken by the plaintiffs' counsel to the District Judge's charge to the jury is first presented to our consideration. We do not think the judge erred in charging the jury: That, to maintain the possessory action, the plaintiff himself or his vendors must have had actual possession of the land as owner for twelve months previous to the disturbance, unless he was evicted by force and arms. That a civil possession at the time of disturbance was sufficient when it has been preceded by an actual possession by the plaintiff or his vendors for one year. That the legal title to the public lands was vested in the United States Government, and that the civil possession of lands accompanies the title; that the United States Government had no such actual possession of the public domain as would enable the vendee of the Government to maintain a possessory action for a disturbance of possession subsequent to the vendee's purchase. That corporeal possession of land is a residence on or occupation of or cultivation of the same. That the length of time of possession is immaterial when the party in possession was evicted by force or fraud. That taking possession of the land in the absence of the party already in possession by fencing it in, would not be a taking *vi et armis;* but that such taking would perhaps be a fraud, and that force or fraud in taking possession of land was a question of fact to be determined by the evidence adduced.

Upon the merits we have carefully examined the evidence and are not prepared to say that the verdict is erroneous.

It is therefore ordered and decreed that the judgment of the District Court be affirmed with costs.

Re-hearing refused.