## DANIEL SEARLES v. JAMES J. COSTILLO.

Actual possession of the land is a fact indispensible to be proved in order to sustain' the possessory action.  C. P. 47.

A mere civil or legal possession is insufficient, unless it is shown to have been preceded at some time by a natural possession in the plaintiff or his authors.

APPEAL from the District Court of the parish of East Baton Rouge, *Robertson*, J.  *J. J. Burk*, for plaintiff and appellee.  *A. M. Dunn*, for defendant.

SPOFFORD, J.　The defendant appeals from a judgment against him in a possessory action.

The plaintiff offered a witness, who proved that the land which is the object of the action has been lying vacant and unoccupied ever since the plaintiff pretends to have acquired it, up to the time of the alleged disturbance by the defendant.

To show possession as owner, the plaintiff offered a parish tax collector's deed purporting to have conveyed this land to him on the 4th January, 1849, it being sold for taxes said to be due upon it by *Elihu Henderson's* heirs, for the year 1847 : he also offered the Auditor's certificate to the effect that, the property in question was assessed in the name of the heirs of *Elihu Henderson*, for the year 1847, and that since 1850 it has been assessed in the name of the plaintiff.　Numerous receipts for the payment of his State and parish taxes were also offered by the plaintiff, and there he rested his case.

He must suffer a non-suit.　There is no evidence that he, or his authors, ever had a real actual possession of the land, a fact indispensible to be proved in order to sustain this possessory action.  C. P. 47; *Davis* v. *Dale,* 2 An. 205. A mere civil or legal possession is insufficient, unless it be shown to have been preceded at some time by a natural possession in the plaintiff or his authors. *Ellis* v. *Prevost,* 19 L. 251.　It is not shown that *Henderson's* heirs, the plaintiff's authors, ever had even a civil possession, and it is shown that the plaintiff himself never had a natural possession.　The payment of taxes may announce the possessor's intention to preserve the possession of the thing, when he or his predecessor has once had a corporal possession, but it will not constitute a corporal possession.  C. C. 3467.

It is, therefore, ordered, that the judgment of the District Court be avoided and reversed, and that the plaintiff's petition be dismissed as in a case of non-suit, he paying costs in both courts.