(105 So. 359)

No. 26921.

## BARKER v. CITY OF NEW ORLEANS.

(June 22, 1925. Rehearing Denied July 13, 1925.) .

*(Syllabus by Editorial Staff.)*

1. Ejectment ⟐16—Petitory action; possession required before plaintiff can succeed in possessory action stated.

Before plaintiff can succeed in a possessory action, it must appear that he had real and actual possession of property at instant disturbance of which he complains took place, and had possession without interruption by virtue of one of titles prescribed in Code Prac. art. 47, for more than a year previous to such disturbance, unless possessor has been evicted by force or fraud, when possession of less than a year is sufficient.

2. Ejectment ⟐16—Petitory action; actual physical possession, followed by legal and constructive possession, not ousted by a mere legal or fictive possession of another.

Actual physical possession and use of real property, followed by a legal and constructive possession on part of one person, cannot be ousted by a mere legal or fictive possession of another person so as to support possessory action by the latter.

3. Ejectment ⟐16—Petitory action; acts not regarded as establishing an actual possession, where occurring more than a year prior to institution of possessory action.

Where all matters and things referred to as indicating possession occurred more than a year prior to institution of possessory action for the property, such things could not be regarded as establishing an actual possession.

4. Ejectment ⟐16—Petitory action; mere occasional cutting of weeds not sufficient to establish actual corporeal possession.

Mere occasional cutting of weeds was not sufficient to establish actual corporeal possession of property as a basis for a possessory action.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by Frank L. Barker against the City of New Orleans. Decree for plaintiff, and defendant appeals. Reversed and rendered.

Ivy G. Kittredge, City Atty., and W. Catesby Jones, Asst. City Atty., both of New Orleans, for appellant.

John D. Nix, Jr., and Walter W. Wright, both of New Orleans, for appellee.

THOMPSON, J. This is a possessory action, and the subject is a certain piece of property situated in square 425, bounded by Dublin, Fig, Carrollton avenue, and Pritchard streets. The lot fronts 55 feet on Fig street and 120 feet on Dublin street.

A rule nisi was issued against the city to show cause why an injunction should not issue restraining the city from molesting or disturbing the plaintiff in his alleged actual possession of said property. In answer to this rule, the city denied that the plaintiff was in the actual possession of the property and claimed that the city had possessed said property for more than thirty years. On a trial the rule was made absolute and an injunction was issued as prayed for.

[1] It is elementary and codal law that before a plaintiff can succeed in a possessory action, it must appear that he has had the real and actual possession of the property at the instant the disturbance of which he complains takes place, and this possession should have existed without interruption by virtue of one of the titles prescribed in article 47 of the Code of Practice for more than a year previous to the disturbance complained of. Of course, should the possessor have been evicted by force or by fraud, possession of less than a year is sufficient to maintain the action.

In Crichton v. Giddens, 148 La. 970, 88 So. 236, it was said:

"Article 49 of the Code of Practice requires that persons claiming by a possessory action must have been in the real and actual possession of the property, and that a mere civil or legal possession is not sufficient."

"When a person claims by possession alone, without showing any title, he must show an adverse possession by inclosures, and his claim

will not extend beyond such inclosures." Prevost's Heirs v. Johnson, 9 Mart. (O. S.) 123.

"Corporeal possession of land is a residence or occupation of or cultivation of the same." Dickson v. Marks, 10 La. Ann. 518.

"The word 'possession,' unaccompanied by a qualifier to indicate the kind of possession, is a term of very vague meaning, and does not necessarily mean a 'possession manifested by outward signs. It may mean mere legal, or fictive possession." Succession of Zebriska, 119 La. 1077, 44 So. 893; Gilmore v. Schenck, 115 La. 386, 39 So. 40.

"Actual possession of the land is a fact indispensable to be proved in order to sustain the possessory action. * * *

"A mere civil or legal possession is insufficient, unless it is shown to have been preceded at some time by a natural possession in the plaintiff or his authors." Ellis v. Prevost, 19 La. 251. * * *

"The payment of taxes may announce the possessor's intention to preserve the possession of the thing, when he or his predecessor has once had a corporal possession, but it will not constitute a corporal possession." Searles v. Costillo, 12 La. Ann. 203.

It is shown by the evidence that the land in dispute constituted a part of what was known as Dublin Canal and was used by the city of New Orleans, through the drainage commission and the sewerage and water board, for drainage purposes for many years prior to the time that the defendant began to assert any rights on or claims to the property. And later the said portion of said canal was filled up and thereafter used by the city as a dumping place for truck and garbage and sweepings collected from the various streets of the city.

[2] Unless, therefore, the actual possession of and dominion over the said property by the city for the purposes stated has been ousted by an actual adverse possession of the plaintiff, the legal and constructive possession must be regarded as having continued in the city. For it goes without saying that an actual physical possession and use of real property, followed by a legal and constructive possession on the part of one person, cannot be ousted by a mere legal or fictive possession of another person.

The plaintiff claims, and so testified, that he had had possession of the property as owner for about 12 years previous to the time he claims to have been disturbed by the city, but when called upon to explain and to state the particular acts indicating the nature and extent of his possession, he could do no more than to say that he had cut the weeds on the property; had paid paving charges levied by the city; had had "for sale" signs posted on the property by a real estate broker with whom he had listed the property for sale; that he had caused a hole to be made in the lot to test the foundation qualities of the land and which he was ordered to fill up by the health authorities of the city; and had entered into a written agreement to sell the said property.

[3] All the matters and things referred to as indicating possession occurred more than a year prior to the institution of this suit. Such acts cannot therefore be regarded as establishing that actual possession which is indispensable to maintain the right to a possessory action.

It is shown that the paving bill was for paving on Pritchard street on the southern part of the block or square, whereas the lot in controversy is in the northwestern part of the block and forms the corner of Fig and Dublin streets. There was no paving done on this particular lot. It is also shown that the hole made in the ground by the plaintiff was ordered to be filled up by the health authorities as being detrimental to the health of the adjoining property owners. The agreement to sell the property was entered into on April 2, 1923, whereas this suit was filed more than a year thereafter. The notice "for sale" posted on or near the lot by the real estate agent was some 18 months prior to the institution of this suit. The plaintiff on cross-examination was asked:

"Q. During the past 12 months, there were no acts of possession on this property made by you, except to cut these weeds, is that right?

"A. No, except I sold it to a man named Mattle.

"Q. You didn't sell this property?

"A. Yes, that property; I haven't passed the title because the city came and put the posts there.

"Q. You mean you agreed to sell?

"A. Yes, sir.

"Q. In other words, during the past 12 months, prior to the filing of this suit, you cut the weeds there?

"A. Yes.

"Q. And that was all the actual acts of possession you took?

"A. Yes, that's all, except that I objected when you put the posts there. I brought this suit. That's the only other act.

"Q. You objected to that, as is seen by your petition?

"A. Yes, sir."

[4] It is quite clear that the mere occasional cutting of weeds is not sufficient to establish that actual corporeal possession of real property required as the basis of a possessory action.

The law does not authorize a possessory action based on mere legal or constructive possession not preceded by actual corporeal possession. It is only an actual possession that can be maintained by this action.

The principle recognized in jurisprudence, to the effect that the actual possession of a part is to be regarded as the possession of the whole of the land included within the terms of the title, can find no application in this case. If the land forms a part of any property owned by the plaintiff and in his actual possession, that fact is not shown by the evidence. The plaintiff has not introduced in evidence any deed to any land within the block or square of which the lot in dispute forms a part.

It follows from what we have said that the judgment must be reversed. If the plaintiff has not the actual possession of the property, as we have found, he is not entitled to an injunction.

The judgment appealed from is annulled and reversed, and the plaintiff's demand is rejected at his cost.

O'NIELL, C. J., concurs in the decree.