SARTAIN, Judge.
Plaintiff, Walton B. Champagne, hereinafter called appellant brought this possessory action, against defendant, La-Terre Co., Inc., hereinafter called appellee, alleging that the latter disturbed his possession of the following described property:
“A certain tract of land situated in the Parish of Terrebonne, State of Louisiana, ' at a distance of about seventeen (17) miles below the City of Houma, measuring a front of two (2) arpents, more or less, on the right descending bank of the Bayou Dularge, by such depth as the confirmation calls for; bounded above by land of Paul Theriot, now or formerly, and below by that of Emile Chauvin, now or formerly; together with all the buildings and improvements thereon and all rights, ways, privileges, servitudes and advantages thereto belonging or in anywise appertaining.” (Emphasis ours)
The disturbance complained of occurred on or about March 29, 1965, when appellee allegedly went upon portions of the above described property, cleared rights of way, dug boundary canals and posted signs and markers. The essential requirements for a possessory action are contained in appellant’s petition.
Appellee answered by way of general denial and in defense showed that the above acts of disturbances were performed by ap-pellee on its own lands and not those of appellant’s.
The trial judge held that appellee was successful in showing that the acts giving rise to this action were confined to lands owned by appellee. The trial judge further concluded that.appellant had failed to prove with sufficient certainty the location of his property and particularly the rear boundary thereof. Appellant appeals from this adverse judgment. As noted above, the principle issue of dispute between the parties involves the relative location of their respective properties. Appellant contends that the description of his property which contains the phrase “by such depth as the confirmation calls for” includes a depth sufficient to cover 12 acres. If this is true the rear portion of plaintiff’s property will in fact oyerlap lands claimed by appellee.
It is clear that appellant relies upon the rule of law that possession of a part of one’s property is possession of the whole. LSA-C.C. Arts 3437, 3498. Accordingly, we look to plaintiff’s description and title to determine the boundaries thereof.
Appellant acquired the above described property by deed from John Theriot on February 1, 1926. A study of his chain of title reveals that his property is a portion of Lot 2, Section 26, T 19 S-R 16 E, Terre-bonne Parish. On December 31, 1845, Lot 2 was severed from the public domain by sale from the United States to Elisha Stevens and was therein described according to the official plat of the survey of said lands. Said Lot 2 was not subdivided until August 4, 1875 when Mrs. Louisa Champagne acquired a portion thereof from William H. Buford in a deed which reads as follows:
“A certain tract of land, situated in this Parish, on the right descending bank, of the Bayou Dularge, measuring two (2) arpents front on the said Bayou, by the depth of survey or confirmation, bounded above by other lands of vendor, and below by land of Leon Roger; said tract being situated at a distance of about seventeen (17) miles below the Town of Houma.” (Emphasis ours)
The phrase “by depth of survey or confirmation” was used to describe the above property until an act of sale by Albert Porche to Mrs. Mathilde Duplantis Champagne on November 8, 1919, when the phrase “depth of confirmation” was substituted in place of “depth of survey or confirmation”. There was never a con *153 firmation of plaintiff’s chain of title to accurately determine for the public records the fullest extent of the depth of said property.
Appellee is the record owner of a 40 acre quarter section located to the immediate rear or west of plaintiff’s property and described as the NEJ4 of the NWJ4 of Section 26, T 19 S-R 16 E, Terrebonne Parish. Said quarter section was acquired by ap-pellee from Earle L. Peters, as Trustee, on February 4, 1927 and has continued to remain the property of appellee.
A review of the maps, surveys, and aerial photograph introduced in evidence and forming a part of this record show that plaintiff’s property fronts on the west bank of Bayou duLarge. There is a ridge paralleling Bayou duLarge varying in width from 200 to 400 feet. Plaintiff’s house is located on the ridge facing said bayou. This ridge is habitable. Behind the ridge and parallel thereto is marshland which is not habitable. Behind the marshland and paralleling the ridge and the bayou is a second ridge along which there is a dirt road. This dirt road is approximately 2800 feet to the rear of appellant’s home. The quarter section claimed by appellee lies almost entirely in the marshland between the two aforementioned ridges.
Plaintiff in attempting to show that his deed calls for 12 acres sought the testimony of his vendor, John Theriot, and endeavored to elicit evidence from this witness relative to the depth to which his property extended. The trial judge refused to admit oral testimony to this end and limited the testimony to this witness’s act of possession. Plaintiff also endeavored to show that he had for years trapped the marshland, cut and sold timber from the second ridge and that either he or his son traversed the marshland at regular intervals throughout the entire period of his ownership.
Appellee in support of its assertion of ownership and possession showed that in 1958 it caused a survey to be made of the quarter section. Concrete posts, six inches square and six and one half feet in height were placed at each corner. No trespassing signs bearing appellee’s name were placed at 330 feet intervals along the four boundaries. These signs were one foot square and placed on cypress posts four feet above the ground. In 1964 considerable seismic exploration was conducted on the property. The four concrete posts and some of the no trespassing signs were observed. Exploration on this occasion lasted some eight days. In March of 1965 appellant elected to further mark the boundaries of its quarter section by the construction of canals. This they did which precipitated the present litigation.
These were the facts that were presented to the trial judge in determination of the issues.
In a possessory action title is not at issue. However, title may be relied upon to show the confines of one’s possession. If appellant’s property does in fact extend to a depth sufficient to give him 12 acres of land there is a definite overlapping of title between the two litigants for according to our calculations appellant’s rear boundary would extend to the middle of appellee’s quarter section.
The trial judge held that the terminology in appellant’s deed “by such depth as the confirmation calls for” limits appellant’s property to such depth as his title calls for. The court noted that appellant made no attempt to introduce evidence to show what such terminology did in fact mean -and that this burden was that of appellant. The court further concluded that the evidence put on by appellee by introducing appellant’s chain of title was clear and uncontradicted in that such terminology identifies the rear or the western line of appellant’s property as being a portion of the eastern line of appellee’s quarter section. “In other words, the property which is the subject matter of this suit abuts on the quarter section just described.” A review of appellant’s chain of title clearly confirms this conclusion. Particular *154 reference is made to a plat of survey dated March 24, 1871 by Valerien Sulakowski, Surveyor, showing the lands of Geolide Thibodeaux, an earlier ancestor in title of appellant, that Lot 2 was separate and distinct from the quarter section and further that said quarter section was not included among the various tracts of land owned by said Geolide Thibodeaux. The official and original township plat further shows that Lot 2 is separate and distinct from the quarter section now claimed by appellee.
A similar definition to “by such depth as the confirmation calls for” was presented in the case of Buckley v. Dumond, La.App., 156 So. 784, which opinion included the companion case of Buckley v. Theriot, La.App., 156 So. 790, and where this court was called upon to consider the term “by depth of survey”. Said opinion contains the following:
“The important facts in the case against Theriot are practically the same as in the case against Dumond, except that the area, called for by the title, which Ther-iot adduces, is not stated in the title. We understand from the evidence, however, that it is about 35 acres. His title contains the term ‘by depth of survey,’ which term he advances as his title to the possession of all the land between Bayou Du Large and Bayou De Isle, a distance said to be about 35 acres, and while the area is uncertain, it is undoubtedly upwards of 2,000 acres and would, if his claim were true, cover the land described in the petition of the plaintiff. It is the same land over which Dumond claims the right to trap.
The lower court in a carefully prepared opinion considered this term, ‘by depth of survey,’ and gives it as his conclusion that Theriot’s land is likely situated in a French or Spanish grant, and that such a vague and indefinite expanse must be limited and confined to the grant in which the land is located and cannot without proof be considered as calling for an extent of land, which would conflict with the limits of adjoining lands, acquired from the United States and located and surveyed by surveyors, acting under the authority of the national government, as is the case with the limits called for by the title of the plaintiff. We agree with this conclusion and hold, as did the lower court, that under the evidence there is no conflict between plaintiff’s limits and those of Theriot under the title which he adduced.”
Thus, if appellant contends to possess by title he is of necessity bound by his title.
Notwithstanding the fact that the evidence presented does not justify according to appellant’s title a depth of 12 acres, appellant would nevertheless be entitled to maintain this action if he actually possessed a portion of the property claimed by appellee for a period in excess of one year and if such possession was quiet and without interruption up to the time of the disturbances giving rise to this action. LSA-CCP Arts. 3655 et seq. However, to do so appellant must show an adverse possession by enclosures and his claim will not be extended beyond such enclosures. Hill v. Richey, et al., 221 La. 402, 59 So.2d 434 and cases cited therein.
Appellant’s testimony with re-, spect to the extent of his possession by enclosures is not sufficiently clear or convincing enough to warrant a finding that he has sufficiently identified his property. We can well understand that it would be vain and useless to erect a fence across the rear of the property alleged to have been possessed by appellant because such fence would have been in the marsh. But the length and location of appellant’s upper and lower fences were not established and the trial judge was correct when he held that appellant’s failure to sustain this burden was fatal to his cause of action. Testimony relative to appellant’s lower fence ranges from 5 to 6 acres and upper fence from 2^4 *155 to 4 acres. On this point the trial judge stated:
“In conclusion the Court is of the opinion that the plaintiff has failed to properly locate the property which he has described in his petition. He has introduced no survey or map into evidence upon which the Court could if the defendant had disturbed his possession base a decision for the plaintiff. All that has been shown is that the plaintiff had property somewhere in Terrebonne Parish, somewhere along Bayou Dularge. In a possessory action it is essential for the plaintiff to first locate the property so that a judgment in his favor may be executed without the necessity of further steps being taken to properly identify the property, after the trial of the case.”
For the above and foregoing reasons the judgment of the district court is affirmed at appellant’s costs.
Affirmed.