286 So.2d 525 (1973)
The S. D. HUNTER FOUNDATION et al., Plaintiffs-Appellees,
v.
BOARD OF COMMISSIONERS OF the CADDO LEVEE DISTRICT, Defendant-Appellant.
No. 12174.
Court of Appeal of Louisiana, Second Circuit.
November 13, 1973.
*526 Burnett, Harrison & Sutton, by Glenn E. Walker, Shreveport, for defendant-appellant.
Wilkinson, Carmody & Peatross, by W. Scott Wilkinson, Shreveport, for plaintiffs-appellees.
Before BOLIN, PRICE and WILLIAMS, JJ.
BOLIN, Judge.
The S. D. Hunter Foundation and Mrs. Milryn M. Hunter brought this possessory action against the Board of Commissioners of the Caddo Levee District seeking a judgment recognizing their right to the possession of two tracts of land forming a part of Oak Ridge Plantation in Caddo Parish, Louisiana. Plaintiffs also prayed for damages and attorney's fees and asked that, if defendant failed to assert an adverse claim of ownership of the property, it should be ordered to institute a petitory action to assert its title. Defendant answered, generally denying the allegations of the petition, but has not instituted a petitory action, thus the issue of title is not before us. The lower court gave judgment in favor of plaintiffs mantaining their right to possession of the disputed tracts and ordered defendant to pay damages in the amount of $888.60. Defendant appeals. We amend and affirm the judgment.
Louisiana Code of Civil Procedure provides the statutory basis for this action in the following articles:
Art. 3658.
"To maintain the possessory action the
(1) He had possession of the immovable property or real right at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance." (Emphasis ours)
Art. 3659.
"Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact, and disturbance in law.
"A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right from enjoying his possession *527 quietly, or which throws any obstacle in the way of that enjoyment.
"A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right."
The S. D. Hunter Foundation and Mrs. Hunter have possessed Oak Ridge Plantation, including the tracts in dispute, since November 21, 1962 when record title was acquired by a judgment of possession in the Succession of Samuel Douglass Hunter. Plaintiffs' possession since the date of the judgment has been continuous and evidenced by a fence surrounding the property, posted signs, and the execution of grazing and agricultural leases thereon, coupled with actual use by the owners or their lessees.
On November 18, 1970, the Levee Board executed and delivered to T. C. Bozeman a surface lease, for grazing only, of property in Caddo Parish, which lease described property included in the description of all the land acquired by plaintiffs in 1962. The lease to Bozeman, recorded in the records of Caddo Parish on December 2, 1970, covered approximately 83 acres, more than half of which was open meadow and the remainder was wooded. A few months after the lease was recorded Bozeman proceeded to fence the leased area, thereby separating that acreage from the main portion of Oak Ridge Plantation which plaintiffs claim as owners. The present suit was filed July 2, 1971.
Appellant specifies as errors the following:
1. The trial court erred in determining that appellees had possession of the disputed tract, quietly and without interruption, for more than one year immediately prior to the disturbance of which they complained.
2. In the alternative if this court should determine that appellees are entitled to be maintained in their possession, the trial court erred in determining that appellees had proved any damages.

SPECIFICATION NUMBER ONE
The events which appellant contends interrupted the quiet possession of appellees during the year preceding the recordation of the Bozeman lease on December 2, 1970, which is the disturbance complained of, will be briefly narrated.
In August or September of 1970 an employee of the Caddo Levee District went on the property for the purpose of locating a traverse line on DeSoto Lake Canal [variously nominated Soda Lake Canal and Twelve Mile Bayou]. This witness was asked the reason for his going on the property and he replied he was sent to find the boundary markers for the property line of the Caddo Levee District. He noted concrete monuments and tree slashes indicating the line, and his crew cleared a narrow right-of-way so that the engineers could set their instruments and fix the line. This witness also testified he and his crew set creosote posts at appropriate locations and applied yellow paint to the tops of the posts, as well as the monuments and tree slashes, so they would be clearly visible. These posts were allegedly set about four to six inches from the concrete markers.
In contrast to the preceding testimony plaintiffs' witnesses who were present and former lessees testified that although they noticed yellow paint on the slashed trees they failed to observe yellow paint on the posts and monuments; nor did they observe any attempt to use the disputed tracts prior to the erection of the fence. Jasper Lynn, one of the lessees during the period herein involved, testified that he and his brother continued without interruption to use the disputed tract for grazing *528 of cattle until the fence was built in the spring of 1971.
As we appreciate the argument of appellant, the crucial issue is whether the survey activities previously described constituted an interruption of plaintiffs' "quiet possession" within the year prior to the "disturbances" and thus deprived plaintiffs of their right to bring the possessory action under that portion of Louisiana Code of Civil Procedure Article 3658 which states:
"To maintain the possessory action the possessor must allege and prove that:... (2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance ...."
Defendant cites and relies on the interpretation of the "uninterrupted, quiet possession" in the following cases: Barker v. City of New Orleans, 159 La. 325, 105 So. 359 (1925); Champagne v. La-Terre Company, Inc., 201 So.2d 151 (La.App. 1 Cir. 1967); and Finch v. Schexnayder (La. App. 1 Cir. 1951) 53 So.2d 484. We have examined these cases closely and find each factually distinguishable from the one before us. In each of the cited cases the court dealt primarily with the question of plaintiff's actual possession of the property as owner for one year preceding the disturbance.
Plaintiffs have cited two cases to substantiate their claim that surveying operations are not regarded as trespass: Broussard v. Louisiana Land & Exploration Company (La.App. 1 Cir. 1964) 164 So.2d 84, and Pittman v. Bourg, 179 La. 66, 153 So. 22 (1934). In the latter case the Louisiana Supreme Court, among other findings, held in language pertinent to the instant case:
"Surveying operations are not generally regarded as a trespassgenerally they are regarded as rather seekers after information, in the course of which it is not unusual for surveyors to run `trial' or `random' lines to which no importance is attached, other than as they may be of assistance in reaching conclusions, perhaps, not at all affecting particular properties across which they may have been extended."
* * * * * *
"... Thus an overt act that follows, rather than the survey itself, evidences an intention to challenge possession and constitutes the `disturbance in fact.'"
Since defendant does not deny on appeal that the filing of the lease in the records of Caddo Parish and the subsequent erection of the fence amount to disturbances in law and in fact, as defined in Louisiana Code of Civil Procedure Article 3659, we need only pass on the issue of whether or not plaintiffs were in quiet and uninterrupted possession of the property for one year preceding such disturbances.
We find from the law and the evidence that the acts preparatory to the survey were not an interruption of plaintiffs' peaceful possession which would preclude plaintiffs from maintaining this possessory action.

SPECIFICATION NUMBER TWO
We conclude the evidence is sufficient to establish plaintiffs have suffered damages in the amount of $182, representing the uncontradicted cost of removal of the fence. [See La.C.C.P. Article 3662(3)]. However, we find plaintiffs have failed to demonstrate to what extent, if any, they have been damaged by the deprivation of the use of 83 acres resulting from the division of the pasture land by erection of the fence.
For the reasons assigned the judgment of the lower court is amended to reduce the amount of the award from $888.60 to $182.00, and as thus amended is affirmed at appellant's cost.