OVERTON, J.
 

 This is a possessory action, instituted by plaintiff on February 26, 1924, against E. R. Bernstein and the city of Shreveport to regain possession of a tract of land, consisting of about 70 acres, lying in the outskirts of the city of Shreveport, and to be quieted in the possession of the same. Plaintiff alleges that he acquired the property, the right to the possession of which is in contest, from John Leake, about the year 1890; that the deed by which he acquired it
 
 *333
 
 was apparently lost by the notary before whom it was passed prior to recordation; that he sold a part of the property thus acquired to a Mrs. Agurs, and repurchased it from her in 1908, as per deeds duly recorded; that he had the actual possession of the property for more than one year, under his title deeds, when E. R. Bernstein and the city of Shreveport, on and after March 23, 1923, took possession of the property, the former by making surveys thereof and running streets through the property, and the latter by taking possession of the streets laid out. The defense is a denial of plaintiff’s possession, and also the urging of possession, dating some 12 years back, by Bernstein and others interested in the property with him. Bernstein, in his own behalf and in behalf of those interested with him, also reconvened, praying that he and they be quieted in the possession of the property. The city of Shreveport filed no answer, and issue was joined as to it by the entering of a default.
 

 Considerable evidence was offered on the trial of the ease. The trial court, after considering the evidence introduced by both sides, rendered judgment rejecting plaintiff’s demand and quieting Bernstein and those interested in the property with him in the possession of it. Both sides offered evidence to show their possession for some years back, with the evident object in view of showing who had constructive possession for more than a year prior to the alleged disturbance, though both sides claim actual possession for that period. Much depends, in reaching a correct conclusion, upon the weight to be given to some of the evidence, and under the •circumstances we are not prepared to say that the trial court reached .an incorrect conclusion. In fact, our reading of the record impresses us that, for the required year and more preceding the alleged disturbance, plaintiff did not have actual possession of the property, or civil possession thereof, following a prior actual possession by him. It is necessary that he should have had for that period one of these possessions in order to recover. Ellis v. Prevost, 19 La. 251; Davis v. Dale, 2 La. Ann. 205; Dickson v. Marks, 10 La. Ann. 518; Searles v. Costillo, 12 La. Ann. 203; C. P. art. 49.
 

 For these reasons, the judgment appealed from is affirmed.