No. 2581

Second Circuit

PIERSON v. WINBARG

(May 22, 1928.  Opinion and Decree.)
(June 28, 1928.  Rehearing Refused.)

(*Syllabus by the Court*)

1.  **Louisiana Digest—Possession—Par. 1.**
There can be no civil possession in the absence of title.
    C. C., Article 3431.

2.  **Louisiana Digest—Petitory and Possessory Actions—Par. 48, 49.**
The possessory action cannot be maintained where there is neither civil possession nor natural or corporeal possession of the thing possession of which is sued for.
    Code of Practice, Article 49.

Appeal from the Tenth Judicial District,

Parish of Natchitoches. Hon. John F. Stephens, Judge.

Action by Mrs. Sidney A. Pierson against E. B. Winbarg.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Rusca and Cunningham, of Natchitoches, attorneys for plaintiff, appellant.

Phanor Breazeale, of Natchitoches, attorney for defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff alleged that she was the owner of the following described property, to-wit:

"That certain tract or parcel of land situated in the city of Natchitoches on the east side of Jefferson street, lying between Jefferson street and Cane river, and between Pine and Sidney streets; said land being bound on the north by Pine street, on the south by Sidney street, on the east by Cane river, and on the west by Jefferson street.

"That on or about the 1st day of November, 1924, Eugene B. Winbarg, who resides in the parish of Natchitoches, pretending to be the owner of the above described property, in bad faith and without any title whatever has disturbed your petitioner in the enjoyment of said property by fencing and taking actual possession of said property and refuses to deliver said property to your petitioner.

"That your petitioner and her authors have had the real and actual possession of said above described property since 1869 until the recent and above stated disturbance by said defendant E. B. Winbarg."

And she prayed to be restored to the possession of the property and for damages for illegal ouster.

Defendant prayed oyer of and the court ordered plaintiff to exhibit her title, whereupon she filed a response setting up:

"That her husband, David Pierson, acquired that certain property described as being situated in the city of Natchitoches, bounded on the north by what is known as Pine street, on the south by Sidney street, on the west by property of Sibley, and on the east by Main or Jefferson street, as shown by acts of sale recorded in book 61 folio 334 on October 25, 1869, book 74 folio 20 on October 17, 1876, and book 61 folio 405 on April 1, 1870.

"That her said husband went into actual possession of the said above described tract of land and also went into possession of that certain strip or tract of land lying in front of said above described land, said strip of land being bound on the east by Cane river, on the west by Main or Jefferson street, on the north by Pine street, and on the south by Sidney street; and that said land or strip of land was fenced and claimed by David Pierson as owner from 1869 until his death in 1902 or 1903, exceeding thirty years in time.

"That plaintiff, as widow in community, and four children, sole issue of the marriage between plaintiff and David Pierson, went into the actual possession of said strip of land lying between Cane river and Jefferson street and between Pine and Sidney streets in the city of Natchitoches, and remained in possession of same with other property until January 10, 1910, at which time the four children, namely, Alice, Maud, May and Clarence Pierson sold their interest in the succession of their father David Pierson, with certain exceptions, as is shown by act of sale recorded in book 128 folio 53, a certified copy of which is hereto attached as ordered by the court."

And she alleges that as widow in community of David Pierson, deceased, she was the owner of an undivided half of the property and became the owner of the other undivided half by virtue of the purchase thereof from the heirs of David Pierson as alleged, and that since 1910 she has been in possession of the land as sole owner.

Defendant filed an exception of no right of action and no cause of action which

was tried and overruled, and thereupon defendant answered denying all of the allegations of the petition, except that he admitted taking and holding possession of the property.

On these issues the case was tried and there was judgment rejecting plaintiff's demand and dismissing her suit and she appealed.

## OPINION

Plaintiff asserts she had civil possession of the land at the time she was dispossessed in virtue of a thirty-year prescriptive title.

Defendant contends she had no prescriptive title and hence no civil possession.

"Civil possession * * * is * * * the detention of a thing by virtue of a just title, and under the conviction of possessing as owner."

The burden was on plaintiff to prove the title set up, and we do not think she has discharged it.

The evidence as to the extent of the possession and the length of time it continued is conflicting. It would serve no useful purpose to analyse it. Suffice to say that in our opinion it shows, at most, possession of some part of the land for not exceeding twenty-five years. This was insufficient to give plaintiff a prescriptive title and without she could not have had civil possession. Not having civil possession she could not, of course, in law have been disturbed by defendants' acts.

We find no error in the judgment appealed from and accordingly it is affirmed.