This is a possessory action with an additional claim for damages for trespass involving a strip of ground approximately twenty feet in width, running from Fairfield Avenue to Thornhill Avenue in the City of Shreveport. The disturbance alleged consists of erecting and maintaining of a fence approximately twenty feet north of the south boundary of the land claimed by plaintiff and of which he claims he and his author in title have peaceably possessed for more than thirty years.
Plaintiff's demands were rejected by the lower court and he is now prosecuting this appeal.
On November 12, 1901, Ernest Haag purchased from Alfred M. Hewitt a home site on Fairfield Avenue. The land extended from that Avenue to Line Avenue on the east. The property was described in the deed as follows:
"A certain lot of ground more specifically described as follows:
"Commencing on Fairfield Avenue, at the southwest corner of the lot acquired by W. Strauss by act of partition made May 27, 1872, between W. Shields, C.W. Lewis and W. Strauss, and run thence east along the south corner of said Strauss lot, 18.637 chains to the Range Line between Ranges 13 and 14, thence south along the said Range Line 2.632 chains, thence west along Shields line, 19.045 chains to Fairfield Avenue, north 8-3/4 degrees, east to place of beginning; containing 4.95 acres. Said Act of Partition being recorded in Conveyance Book T, page 259, in the Office of the Recorder for Caddo Parish, Louisiana.
"This is the land acquired by A. Currie from Mrs. S.J. Robertshaw and Ethel, Kate and John J. Dillon, by deeds recorded in Conveyance Book 18, page 156, and Conveyance Book 19, page 78, Records of Caddo Parish, Louisiana. It being the same property now occupied by this vendor as a residence and same acquired by him from A. Currie by deed recorded in Conveyance Book 21, page 51, Records of Clerk's Office of Caddo Parish, Louisiana."
The property, including the strip involved in this suit, was fenced in at the time Haag acquired it. In 1907 Haag took *Page 903 
the fence in front on Fairfield Avenue down and constructed a concrete wall in its stead. The south end of said wall extended to the south line of the property now in dispute. Haag occupied the property as a home, as well as for winter quarters for his animals. Either Haag or Hewitt, his author in title, planted on the strip now involved a number of sycamore trees, which are still standing. Haag constructed animal barns, a paint shop and a servant's house on this strip and the south side of these buildings was very near the south boundary of said strip of land.
Haag occupied this place until 1918. The main dwelling house was then rented until it was destroyed by fire in 1932. The servant's house was rented by Haag until it was demolished in 1935 and after the dwelling was destroyed, Mr. James Russell and Mr. and Mrs. McLain looked after the property for the Haags.
During the time the Haags owned the property, Thornhill Avenue was opened, said Avenue running north and south and its west boundary is some 508 feet east of Fairfield Avenue. The property involved here is all west of Thornhill Avenue, which is its east boundary.
On April 6, 1939, plaintiff herein purchased this property from the widow and heirs of Ernest Haag. The deed described it as follows:
"A certain tract located in the NE 1/4 of NE 1/4 of Section 12, Township 17 North, Range 14 West, in the City of Shreveport, Caddo Parish, Louisiana, more particularly described as follows:
"Beginning at the intersection of the south line of Kirby Place with the west line of Thornhill Avenue, thence running south along the west line of Thornhill Avenue 145.02 feet, more or less, to the north line of the tract acquired by Ernest Haag from Alfred M. Hewitt, as per deed recorded in Book 29, page 148, of the Conveyance Records of Caddo Parish, Louisiana, for a point of beginning: (which point of beginning is at the intersection of the west line of Thornhill Avenue with the north line of said tract acquired by Ernest Haag from Alfred M. Hewitt) thence run west along said north line to the east line of Fairfield Avenue, 175.75 feet; thence run east to the west line of Thornhill Avenue; thence run north along the west line of Thornhill Avenue 173.71 feet to the point of beginning (being that part of the property acquired by Ernest Haag from Alfred M. Hewitt, as per deed recorded in Conveyance Book 29, page 148, of the Records of Caddo Parish, lying west of Thornhill Avenue, as now dedicated)."
On April 7, 1939, defendants, without notice or discussion, erected a fence on the north side of the strip in controversy here. The fence is located approximately twenty feet north of the old fence line which enclosed this strip for many years and all during the time the Haags occupied this property as a home, as well as during the time Hewitt, his author in title, occupied the property as a home. The consideration paid by plaintiff to the Haags for the property was $10,000 in cash. On April 18, 1939, Mrs. Alice Hubbard Haag, widow of Ernest Haag, and one of his children, Harry Eugene Haag, executed a correction deed to plaintiff. The property was described as follows:
"A certain tract located in the NE 1/4 of NE 1/4 of Section 12, Township 17 North, Range 14 West, in the City of Shreveport, Caddo Parish, Louisiana, more particularly described as follows:
"Beginning at the intersection of the south line of Kirby Place with the west line of Thornhill Avenue; thence running south along the west line of Thornhill Avenue 145.02 feet, more or less to the north line of the tract acquired by Ernest Haag from Alfred M. Hewitt, as per deed recorded in Book 29, page 148 of the Conveyance Records of Caddo Parish, Louisiana, for a point of beginning (which point of beginning is at the intersection of the west line of Thornhill Avenue with the north line of said tract acquired by Ernest Haag from Alfred M. Hewitt); thence run west along said north line of the tract acquired by Ernest Haag from Alfred M. Hewitt to the east line of Fairfield Avenue; thence run in a southerly direction along the east line of Thornhill Avenue a distance of 193.75 feet; thence run east to the west line of Thornhill Avenue; thence run north along the west line of Fairfield Avenue 193.71 feet to the point of beginning, being all that part of the property acquired by Ernest Haag from Alfred M. Hewitt, as per deed recorded in Conveyance Book 29, page 148 of the Records of Caddo Parish, Louisiana, which lies west of Thornhill Avenue, as now dedicated and being also the property between Thornhill Avenue and Fairfield Avenue, which these Vendors and their ancestors in title have acquired by prescription. *Page 904 
"All parties hereto further declare that a deed was previously executed and filed on April 6, 1939, by Mrs. Alice Hubbard Haag, through her duly authorized agent, Harry E. Haag, Mrs. Helen Verena Haag Durrett Hayes, and Harry Eugene Haag, as Vendors, and Hollingsworth B. Barret, as Vendee, which deed is duly recorded in the Conveyance Records of Caddo Parish, Louisiana, in Book 408, page 638; that all parties in the prior deed intended to transfer, sell, convey and deliver in that deed all of the property described in this deed; that through a clerical error, all of the property intended to be sold, conveyed and delivered was not described in the deed of April 6, 1939, and that this correction deed, correctly describing the property sold and delivered is executed by the parties to carry into effect their true intention and agreement, and for the consideration of $10,000.00 expressed in the original deed of April 6, 1939.
"All parties hereto further declare that the deed of April 6, 1939, as corrected by this deed, is intended to and does grant, sell, convey and deliver unto the Vendee, Hollingsworth B. Barret, all property whatsoever of these Vendors lying between Thornhill Avenue and Fairfield Avenue in the City of Shreveport, Caddo Parish, Louisiana.
"Appearer, Mrs. Alice Hubbard Haag, further declares that in the power of attorney heretofore executed by her on the 4th day of April, 1939, appointing Harry E. Haag, of Medora, Indiana, her Agent to sell and convey all the property described in the correction deed; that the omission to fully describe the property in the power of attorney was a clerical error; that this deed is in true accord with her intention and authority; and that she approves, ratifies and confirms the authority and actions of her Agent."
And on April 29, 1939, the other heir of Ernest Haag, who was a party to the original deed, executed a like correction deed.
After having made amicable efforts to have the fence removed, without success, plaintiff filed this suit on April 4, 1940.
Defendants admit they constructed the fence complained of by plaintiff and that plaintiff's suit was instituted within one year after said fence was erected. They defend solely on the ground that plaintiff was not in real and actual possession of the property at the instant when the disturbance occurred. Code of Practice, Article 49.
The record makes it clear that Alfred M. Hewitt, Haag's author in title, and Haag and his widow and heirs had real and actual possession of the strip in dispute from 1898 until the Haags deeded the property to plaintiff in 1939. It was under fence until said fence decayed and most of it disappeared. However, actual possession continued after most of the south fence was gone and civil possession continued until plaintiff acquired the property.
Defendants have never had any legal possession of the strip of land and they do not claim to have had. Although they have the land under fence at the present time, they have not been in peaceable and undisturbed possession for twelve months and, of course, they have no legal possession. Their possession at the present time is that of trespassers and they have no legal rights because of their possession.
From the record as made up, plaintiff's authors in title had real and actual possession, undisturbed and peaceable, for more than thirty years and it was sufficient to give a prescriptive title, therefore civil possession thereafter could and was had by plaintiff's authors until the property was deeded to him. Pierson v. Winbarg, 8 La.App. 743. Without such a prescriptive title there could not have been any civil possession.
It is defendants' contention that the deed to plaintiff of date April 6, 1939, did not describe and therefore did not convey to plaintiff title to the south 20-foot strip of property legally possessed by the Haags and that since the fence was erected by them on April 7, 1939, and before the correction deeds of April 18 and 29, 1939, plaintiff did not have even civil possession and it is not claimed that he had real, actual and corporeal possession; therefore, he is without right to bring a possessory action as he was not in real and actual possession at the instant when the disturbance occurred.
Before plaintiff purchased the property he went onto it with a representative of the Haags and the lines were pointed out to him. Some of the iron posts which were a part of the fence on the south side of the property were still standing; the concrete wall designating the front line was still intact; and the sycamore trees planted by his authors in title on the strip in *Page 905 
controversy were alive and growing. There can be no mistake about plaintiff buying the entire property, including the strip in controversy, and there can be no doubt about the Haags selling him the entire tract, which they have had under fence for many years. Plaintiff could have forced the Haags by law to correct the deed of April 6, 1939, if it did not include all the property, however, it was unnecessary for as soon as it was called to their attention that the deed might not be so construed, they voluntarily executed correction deeds and made unmistakably clear what their intentions were when the first deed was executed.
If we assume the original deed of April 6, 1939, did not sufficiently describe all the property, it is certain that in the minds of the vendors and plaintiff all the property in the possession of the Haags was purchased by plaintiff and sold by the Haags and the correction deeds did correctly describe all the land and it is our opinion, as between the Haags and plaintiff, that all the property was transferred by the Haags to plaintiff on April 6, 1939, and the correction deeds relate back to that date. Adams v. Smith, 6 La. App. 187. And all the rights, because of ownership of the property, including civil possession as between the Haags and plaintiff passed on that date. Fair v. Williams, 187 La. 953, 175 So. 631. And since defendants have no legal rights because of their tortious possession, they are without right to question the effect of the different deeds between the Haags and plaintiff.
A different situation might have arisen if defendants had been innocent purchasers from the Haags of the strip of land in controversy at the time they illegally took possession of it. They did not acquire legal possession by their illegal acts and when the Haags intended to sell and did sell to plaintiff the land, including the 20-foot strip involved in this suit, plaintiff became the legal, civil possessor and his possession, coupled with the possession of his vendors, gave him civil possession continuing the actual, corporeal possession of his vendors, peaceably and undisturbed for more than twelve months prior to the disturbance by defendants which is all the law requires to give the plaintiff the right to a possessory action. Ellis v. Prevost, 19 La. 251; Agurs v. Bernstein, 165 La. 332,115 So. 581.
The evidence on the question of damages is not satisfactory, and since neither plaintiff nor defendants has discussed this phase of the case, we deem it wise to non-suit the claim for damages, in that manner reserving to plaintiff any rights he might have.
It therefore follows that the judgment of the lower court is erroneous and is now reversed and there is now judgment for plaintiff against the defendants ordering said defendants, O. Kenneth Hickman, Mrs. Fannie S. Hickman, Mrs. Margaret Hickman Guyton, Mrs. Mabel Hickman Flaitz and Edward Craig Hickman, represented by his tutrix, Mrs. Fannie S. Hickman, to remove the fence erected by them on April 7, 1939, across the south portion of the lot acquired by plaintiff from the widow and heirs of Ernest Haag and to restore possession of the approximately twenty feet of land running from Fairfield Avenue to Thornhill Avenue, which was illegally enclosed by the fence erected by said defendants.
Plaintiff's demands for damages are dismissed as of non-suit; defendants are to pay all costs of both courts.