HAZOURI, J.
Rosalva Costa (plaintiff) appeals an order granting a motion for new trial in favor of Joseph Aberle (defendant) in a personal injury case. The motion was based upon special jury instructions given by the trial court after defense experts were allowed to testify that the course of treatment provided by the plaintiffs treating doctors was improper. Plaintiff argues that the trial court erred in granting the motion for new trial based upon the giving of these two special jury instructions. We agree and reverse for entry of a judgment consistent with the jury verdict.
This personal injury action arises out of a motor vehicle accident in which the plaintiff, who was a passenger in a vehicle, was rear-ended by the defendant’s vehicle. The defendant conceded liability, leaving only the issues of causation and damages to be tried by the jury.
Before trial the plaintiff filed a motion in limine to prevent defense experts from testifying that the plaintiffs doctors committed malpractice or medical negligence, that the treatment was inappropriate, and that the plaintiffs symptoms were the result of inappropriate treatment. Defense counsel responded that he was not going to argue malpractice but would simply present testimony that the surgery the plaintiff received was not “necessitated from the accident, there was no reason to perform it....” The court did not rule on the motion.
The testimony at trial revealed the following: Before the car accident, the plaintiff never suffered from pain in her back or neck. Shortly after the accident, she felt pain in her back and could not sleep. She went to a chiropractor and received treatment for about three months. Her lower back did not respond to the treatment and the chiropractor referred her to a neurosurgeon, Dr. Heldo Gomez, Jr., M.D., who ordered an MRI and sent her to a pain management specialist, Dr. Stuart Krost, M.D.
The plaintiff received trigger point injections from Dr. Krost, which made her feel better for a short period of time before the pain returned. She eventually underwent surgery with Dr. Gomez. She first had a discogram, a diagnostic procedure to determine whether her back pain was caused by disc problems. The procedure revealed a leaking disc, and Dr. Gomez performed a lumbar percutaneous discectomy. After the surgery, plaintiff saw Dr. Krost again because the pain returned and she needed pain injections. She saw Dr. Krost for about five weeks of injections and thereafter received another series of injections from another doctor. According to her treating physician she reached maximum medical improvement, and was left with a *962 permanent impairment of eighteen percent of the body as a whole.
During cross examination of Dr. Gomez, the defense suggested that he improperly used a particular device to treat the plaintiff. Three defense experts, a radiologist, an orthopedic surgeon, and a neurologist, testified that the surgery performed by Dr. Gomez was not related to the accident in question. However, over objection, these doctors testified that based upon their review of the records and examination of the plaintiff, there was no reason to perform a discectomy and the surgery was unnecessary. One doctor testified that Dr. Gomez’s course of treatment didn’t make any sense.
During closing argument defense counsel argued that prior to the discectomy, Dr. Gomez over-pressurized the disc during the discogram “just to make sure that the next step takes place. There are obviously many reasons why she had pain on that day.” The clear implication of this argument was that the discogram caused the disc to leak. Defense counsel also argued the surgery took place because Dr. Gomez was motivated to make money. He argued that surgery was not medically necessary.
During the charge conference, the plaintiff requested special instructions based on Stuart v. Hertz[1] and Dungan v. Ford,[2] The Stuart instruction stated, essentially, that any damages the plaintiff incurred from treatment she obtained due to the accident would be regarded as caused by the defendant’s negligence. The gist of the Dungan instruction was that the question of necessity of treatment is to be viewed from the plaintiffs perspective. The plaintiff argued that the defense crossed the line by suggesting that Dr. Gomez was negligent in his treatment of the plaintiff. The court agreed to give the proposed instructions.
The jury returned a verdict finding that the defendant was a legal cause of loss; injury, or damage to the plaintiff and awarded $78,132.28 for past medical expenses and $75,000.00 for future medical expenses. The jury, however, found no permanent injury and did not award any damages for pain and suffering.
The defendant then moved for new trial, arguing that the special instructions were not appropriate under the facts of this case. The defense contended that it had not argued that Dr. Gomez committed malpractice but simply argued that the treatment rendered by Dr. Gomez was not caused by the accident. The trial court granted a new trial.
An order granting a new trial is reviewed for abuse of discretion. Thigpen v. United Parcel Servs., Inc., 990 So.2d 639, 644 (Fla. 4th DCA 2008). “Generally, trial courts enjoy greater discretion when they grant a new trial on the ground that *963 the verdict is contrary to the manifest weight of the evidence than when they grant a new trial on a purely legal issue.” Id. at 645. See also Office Depot, Inc. v. Miller, 584 So.2d 587, 589 (Fla. 4th DCA 1991) (latitude given to trial judges due to their superior vantage point “is circumscribed when the motion concerns purely legal matters. Thus, the closer an issue comes to being purely legal in nature, the less discretion a trial court enjoys in ruling on a new trial motion.”); Allstate Prop. & Cas. Ins. Co. v. Lewis, 14 So.3d 1230, 1233 (Fla. 1st DCA 2009) (citing favorably Office Depot, Inc.); Bulkmatic Transport Co. v. Taylor, 860 So.2d 436, 444 (Fla. 1st DCA 2003) (“ ‘[WJhen the issue under review is essentially legal, the ruling is not entitled to the broad deference generally afforded a trial court’s decision to override a jury’s verdict in cases where the court found the verdict contrary to the manifest weight of the evidence.’”) (citation omitted).
The giving of a particular instruction is reviewed under a mixed standard of de novo and abuse of discretion, since a trial court’s discretion is limited by the case law. McConnell v. Union Carbide Corp., 937 So.2d 148, 152-53 (Fla. 4th DCA 2006) (citation omitted). “[T]he merits of instructions will be judged by an examination of the complete charge and if, as a whole, the law is fairly stated the portions singled out for attack will avail the appellant nothing.” Grimm v. Prudence Mut. Cas. Co., 243 So.2d 140, 143 (Fla.1971) (citations omitted). In order for a jury instruction to result in a miscarriage of justice, it must not only be erroneous or an incomplete statement of the law but also be confusing or misleading. Gross v. Lyons, 721 So.2d 304, 306 (Fla. 4th DCA 1998) (citing Florida Power & Light Co. v. McCollum, 140 So.2d 569 (Fla.1962)), approved, 763 So.2d 276 (Fla.2000).
With respect to the Stuart instruction, we find that it was appropriate in this case given the defense experts’ testimony that Dr. Gomez over-pressurized a disc on purpose in order to justify the surgery, and that he used the wrong equipment in treating the plaintiff. The defendant argues that the testimony was intended only to demonstrate that the treatment was not causally related to the car accident. We find the argument to be disingenuous. In Nason v. Shafranski, the defendants also claimed that they were “merely arguing ... that the surgery was unnecessary, not that the physician committed medical malpractice.” 33 So.3d 117, 121 (Fla. 4th DCA 2010). We rejected the argument and observed that “Florida law recognizes that ‘unnecessary surgery may constitute medical malpractice where it deviates from the standard of care.’ ” Id. (citation omitted). It is certainly permissible for the defense to argue that the treatment the plaintiff underwent was not caused by the accident. It is an entirely different thing to argue, as the defendant did in the instant case, that the treatment was inappropriate and unnecessary. The defendant’s argument could have led the jury to believe that if the plaintiffs doctor was wrong, the plaintiff couldn’t recover damages for the treatment she underwent, even if the injuries she suffered in the car accident caused her to pursue treatment and she reasonably relied on her doctor’s advice.
That brings us to the Dungan instruction, which was requested in order to address the barrage of testimony that the surgery was unnecessary. We find that under the specific facts of this case, where the defense experts suggested that Dr. Gomez purposely rendered inappropriate and unnecessary treatment, the standard instructions were not adequate. Additionally, the special instruction, when read to *964 gether with the standard instructions, and in light of the evidence introduced at trial, did not misstate the law or conflict with the standard instructions.
The defendant focuses on the jury’s award of the full amount requested for past and future medical expenses as evidence that it was misled by the Dungan instruction. The defendant fails to explain how the jury was misled. The defendant contended that the treatment rendered by Dr. Gomez was not caused by the accident and was unnecessary and improper. The defendant never contended that the plaintiff acted unreasonably in seeking medical treatment or in consenting to the treatment recommended by her doctor. Therefore, the verdict fails to reveal that the jury was misled. Based on the foregoing, we find that the trial court was correct when it gave the requested instructions and erred in granting a new trial based on the instructions. We reverse and remand for entry of a judgment consistent with the jury verdict.
GROSS and CONNER, JJ., concur.

. 351 So.2d 703 (Fla.1977). The trial court gave the following instruction:
Where one who has suffered personal injuries by reason of the negligence of another exercises reasonable care in securing the services of a competent physician or surgeon, and in following his advice and instructions, and his injuries are thereafter aggravated or increased by the negligence, mistake, or lack of skills of such physician or surgeon, the law regards the negligence of the wrongdoer in causing the original injury as the proximate cause of the damages flowing from the subsequent negligent or unskillful treatment of the physician or surgeon.

. 632 So.2d 159 (Fla. 1st DCA 1994). The trial court gave the following instruction:
When determining whether medical expenses and services were “reasonably necessary,” you must determine reasonableness from the perspective of the injured party, rather than from the perspective of a medical expert.