DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLEURIMOND BARTHELEMY,**
Appellant,

v.

**SAFECO INSURANCE COMPANY OF ILLINOIS,** a foreign profit
corporation, **JOHN HOWELL,** and **KEVIN WACHTEL,**
Appellees.

Nos. 4D17-1254 and 4D17-1543

[October 24, 2018]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial
Circuit, Palm Beach County; Joseph George Marx, Judge; L.T. Case No.
50-2014-CA-012776-XXXX-MB.

Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm
Beach, and Michael S. Smith of Lesser, Lesser, Landy & Smith, PLLC, West
Palm Beach, for appellant.

Gary J. Guzzi and Antonio Morin of Akerman LLP, Miami, for appellee
Safeco Insurance Company.

LEVINE, J.

Appellant filed suit against his insurer, appellee Safeco Insurance
Company, for declaratory relief seeking coverage up to his policy limits.
The insurer raised a "failure to cooperate" defense citing to appellant's
failure to submit three times to an Examination Under Oath ("EUO") for
the insurance company to be able to investigate appellant's claim. The
jury was instructed, over objection, that for the insurer to prevail on its
"failure to cooperate" defense, the insurer must establish that appellant
"did not comply" with his post-loss obligations and that the insurer was
"actually prejudiced" by appellant's failure to comply. We agree with
appellant that the jury instructions were an incorrect statement of the law,
and as such, we reverse both the final declaratory judgment and cost
judgment and remand for a new trial.

In 2011, appellant was involved in an automobile accident. Three times
his insurer asked appellant to submit to an EUO so that it could

investigate his claim. Appellant did not submit to the examination and the insurer denied coverage for the accident. As a result of the accident, other drivers sued appellant and subsequently obtained a judgment against him. The insurer did not provide appellant with a legal defense or coverage for the resulting judgments against him based on his failure to cooperate with the insurer's requests that he attend the requested EUO. At this point, appellant filed suit for declaratory relief seeking coverage from the insurer for up to the policy limits.

At the trial, over appellant's objection, the jury received the following instruction regarding the "failure to cooperate" defense:

> To prevail on this affirmative defense, Safeco Insurance Company of Illinois must establish, by the greater weight of the evidence, that: (1) Plaintiff **did not comply** with his post-loss obligations; and (2) that Safeco Insurance Company of Illinois was **actually prejudiced** by Plaintiff's failure to comply with his post-loss obligations.

(emphasis added).

Appellant argued that the jury instruction needed to include language regarding "material failure to comply" and "substantial prejudice," and that the jury instruction given was erroneous. Appellant also requested, in writing, a jury instruction and verdict form requiring findings of materiality and substantial prejudice. The jury returned a verdict for the insurer. The trial court ruled that the insurer was not obligated to appellant and entered a final declaratory judgment for the insurer. Appellant filed a motion for new trial, again arguing in part that the insurer's "failure to cooperate" defense and jury instruction were based on an incorrect statement of the law. This appeal follows.

Our review is a mixed standard of abuse of discretion and de novo inasmuch as the giving of a jury instruction involves a trial court's discretion which is limited by the applicable case law. *Costa v. Aberle*, 96 So. 3d 959, 963 (Fla. 4th DCA 2012). "Reversible error occurs when an instruction is not only an erroneous or incomplete statement of the law, but is also confusing or misleading." *Gross v. Lyons*, 721 So. 2d 304, 306 (Fla. 4th DCA 1998).

Appellant preserved the jury instruction issue for review by requesting a different instruction in writing and objecting to the instruction at the charge conference. *See Feliciano v. Sch. Bd. of Palm Beach Cty.*, 776 So. 2d 306, 308 (Fla. 4th DCA 2000).

Appellant's claim that the jury instruction and verdict form were incorrect emanates from a disagreement among the parties as to which case law governs this case. Appellant claims that *Bankers Insurance Co. v. Macias*, 475 So. 2d 1216 (Fla. 1985), controls in this case. According to *Macias*, a "failure to cooperate" defense requires insurer to show that the insured (1) materially failed to cooperate with his post-loss obligations and (2) the failure to cooperate substantially prejudiced the insurer. *Id.* at 1218.

The insurer disputes this, arguing that *State Farm Mutual Automobile Insurance Co. v. Curran*, 135 So. 3d 1071 (Fla. 2014), changed the requirements of the "failure to cooperate" defense. The insurer claims that under *Curran*, a "failure to cooperate" defense requires only a showing that the insured (1) failed to cooperate and (2) that the insurer suffered actual prejudice. The insurer thus contends that the "failure to cooperate" defense requires neither a "material failure" to comply nor "substantial prejudice."

We find that *Macias* remains the dispositive case. In *Macias*, the Florida Supreme Court established that in a "failure to cooperate" defense case, "the insurer must show a **material failure** to cooperate which **substantially prejudiced** the insurer." 475 So. 2d at 1218 (emphasis added). This rule traces its origin to *American Fire & Casualty Insurance Co. v. Vliet*, 4 So. 2d 862, 863 (Fla. 1941), which states that "the lack of cooperation must be material and the insurance company must show that it was substantially prejudiced in the particular case by the failure to cooperate."

*Curran* did not alter the elements of a "failure to cooperate" defense. The level of prejudice was not at issue in *Curran*—only whether an insurer must demonstrate prejudice as part of its affirmative defense in a compulsory medical examination case. *See* 135 So. 3d at 1076. While the *Curran* opinion makes a few references to "actual prejudice" in the generic sense, each of those references is mere dicta, as the outcome of that case did not turn on what type of prejudice is required to make out a "failure to cooperate" defense. *See id.* Further, the *Curran* opinion cites to *Macias* approvingly, suggesting that the supreme court in *Curran* did not intend to overrule *Macias*. *See id.* at 1079.

There is no clear indication that the standard for "failure to cooperate" cases was to be changed as a result of *Curran*. The Florida Supreme Court "does not intentionally overrule itself sub silentio." *Puryear v. State*, 810

3

So. 2d 901, 905 (Fla. 2002). As the supreme court has noted, "[w]here a court encounters an express holding from this Court on a specific issue and a subsequent contrary dicta statement on the same specific issue, the court is to apply our express holding in the former decision until such time as this Court recedes from the express holding." *Id.*

In the absence of an express holding receding from *Macias*, we abide by that case's formulation of the "failure to cooperate" defense. *See id.* In issuing a "failure to cooperate" instruction that did not include "material failure" to comply and "substantial prejudice," the trial court misstated the law and could have misled the jury into applying an incorrect standard. *See Gross*, 721 So. 2d at 306. We therefore reverse and remand for a new trial.[1]

*Reversed and remanded.*

GERBER, C.J., and KLINGENSMITH, J., concur.

*  *  *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] In doing so, we also reverse the separately entered order taxing costs against appellant.