DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SAFECO INSURANCE COMPANY OF ILLINOIS,**
Appellant,

v.

**FLEURIMOND BARTHELEMY,**
Appellee.

No. 4D20-1045

[July 14, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates, Jr., Judge; L.T. Case No. 502014CA012776XXXMB.

Gary J. Guzzi and Antonio D. Morin of Akerman LLP, Miami, for appellant.

Michael S. Smith of Lesser, Lesser, Landy & Smith, PLLC, West Palm Beach, and Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, for appellee.

MAY, J.

In its second trip to this court, the insurer appeals a verdict in favor of the insured. The insurer makes three arguments. First, the trial court erred in denying its motion for new trial based on incorrect evidentiary rulings and improper arguments by the insured's counsel. Second, the court erred in denying the insurer's motion for directed verdict as a matter of law. And third, the jury instructions and verdict form were incorrect. We agree with the insurer on the first issue and reverse.

The insured filed a claim with his insurer, seeking coverage for injuries sustained in an automobile accident.[1] The insurer asked the insured for a statement regarding the accident, but the insured refused to give one. This prompted the insurer to investigate the insured's prior claim history.

---

[1] The details of the car accident are irrelevant to the coverage dispute.

The insurer ran a report revealing multiple bodily injury claims. The extensive loss history caused the insurer to suspect fraud. As a result, the insurer asked the insured to submit to an examination under oath ("EUO"). The insured did not comply.

The insurer scheduled two more EUOs, but once again the insured did not comply. The insured's failure to submit to an EUO caused the insurer to deny coverage. It also refused to defend the insured against the other parties' claims.

The insured sued the insurer for declaratory relief, seeking coverage for the policy limits. The insurer moved for summary judgment, arguing that, as a matter of law, the insured's failure to comply with the EUO constituted a material breach of the policy that caused the insurer substantial prejudice. The trial court denied the motion.

### *The First Trial*

The insurer raised fraud and breach of contract as affirmative defenses. The jury answered three questions: (1) whether the insured failed to comply with his post-loss obligations; (2) whether the insurer was "actually" prejudiced by the insured's failure to comply; and (3) whether the insurer proved the insured engaged in fraudulent conduct.

The jury answered the first two questions affirmatively but found that the insurer failed to prove fraud. Because the insurer proved the insured breached the contract with resulting prejudice, the trial court entered final judgment in its favor.

The insured appealed. He argued the jury should have been instructed on "material failure to comply" rather than a "failure to comply" and "substantial prejudice" rather than "actual prejudice." *See Barthelemy v. Safeco Ins. Co. of Ill.*, 257 So. 3d 1029, 1031 (Fla. 4th DCA 2018). The insurer did not cross-appeal the jury's verdict on the fraud issue. We concluded the court erred in instructing the jury and reversed and remanded the case for a new trial. *Id.* at 1032.

### *The Second Trial*

Before the second trial, the insured moved in limine to prevent the insurer from mentioning or implying the insured committed fraud or that the insurer suspected fraud. The insured argued that because the insurer did not cross-appeal the jury's unfavorable finding on fraud in the first

trial, the issue could not be retried. The insured also argued that any reference to fraud would be highly prejudicial under section 90.403, Florida Statutes.

The insurer responded that it needed to address fraud to show that the insured's material failure to comply with the EUO substantially prejudiced the insurer. It explained it was not attempting to establish fraud, but rather prove the insured's material breach prevented the insurer from conducting a proper fraud investigation, causing substantial prejudice.

The trial court reasoned that any reference to fraud was precluded by the previous verdict in the first trial. The trial court granted the motion in limine and ruled that no party was to mention or imply fraud or any wrongdoing on the part of the insured. At most, the parties and witnesses could use general terms like "concerns."

This time, the jury once again found the insured materially breached his post-loss obligations. But the jury found the insurer did not prove substantial prejudice. The trial court entered a final judgment for the insured.

The insurer moved for new trial and for directed verdict. The trial court denied both motions. From these rulings, the insurer now appeals.

### ***The Appeal***

The insurer argues the trial court erred in denying its motions for directed verdict and new trial because the trial court incorrectly excluded all evidence of fraud and wrongdoing. This prevented the insurer from proving substantial prejudice resulting from the insured's material breach of the policy. The insurer argues the question of whether it was prevented from conducting a proper fraud investigation was not settled as the law of the case. The insured simply responds that any evidence of fraud was irrelevant and highly prejudicial. We agree with the insurer and reverse.

"The appropriate standard of review applied to a trial court's denial of a motion for a new trial is whether the trial court abused its discretion." *Izquierdo v. Gyroscope, Inc.*, 946 So. 2d 115, 117 (Fla. 4th DCA 2007). "The standard of review for evidentiary rulings is abuse of discretion, limited by the rules of evidence." *Bank of N.Y. v. Calloway*, 157 So. 3d 1064, 1069 (Fla. 4th DCA 2015).

"The doctrine of 'law of the case,' a principle of judicial estoppel, 'requires that questions of law actually decided on appeal must govern the

3

case in the same court and the trial court, through all subsequent stages of the proceedings.'" *Drdek v. Drdek*, 79 So. 3d 216, 218–19 (Fla. 4th DCA 2012) (quoting *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001)).  We have explained the doctrine is "limited to rulings on questions of law *actually presented and considered* on a former appeal."  *Id.* at 219.

The issues in the first trial were whether the insured failed to cooperate resulting in actual prejudice to the insurer; and whether the insurer proved the insured committed insurance fraud.  The jury found in favor of the insurer on the failure to cooperate but against the insurer on the fraud issue.  We reversed for a new trial on the failure to cooperate claim because the jury instructions did not include "material failure" to cooperate and did not include "substantial prejudice."  *Barthelemy*, 257 So. 3d at 1032.  We held that the instructions misstated the law and could have misled the jury.  *Id.*  The fraud claim was not argued on appeal and we did not address it.  *See id.*  Thus, the law of the case did not dictate the evidentiary ruling in the second trial.

When the case was retried, the trial court excluded all evidence of the insured's wrongdoing and prevented the insurer from proving the insured's material breach substantially prejudiced its fraud investigation.  Although the issues are related, the insurer did not try to prove fraud in the second trial, but rather that it suffered substantial prejudice from the insured's material breach of the policy.  We conclude the trial court erred in preventing the insurer from introducing evidence to establish substantial prejudice.

The fact that the insurer demanded an EUO to investigate the possibility of fraud was relevant and material to determine substantial prejudice to the insurer.  As the insurer argued, without the EUO it had almost no information about the details of the accident that it could have used to assess and defend against the insured's liability.  This information could have avoided all the litigation, including this case.  The jury could not have possibly understood the importance of an EUO without knowing the insurer wanted to investigate insurance fraud.  By restricting the insurer to using generic terms, i.e., "concerns," it rendered the insurer incapable of conveying the EUO's importance and resulting substantial prejudice.

The purpose of an EUO "is to enable the insurer to possess itself of all knowledge and all information as to other sources and means of knowledge, in regard[] to the facts, material to its rights, to enable it to decide upon its obligations and to protect it against false claims."  *Goldman*

*v. State Farm Fire Gen. Ins. Co.*, 660 So. 2d 300, 305 n.9 (Fla. 4th DCA 1995) (citing *Claflin v. Commonwealth Ins. Co.,* 110 U.S. 81 (1884)).[2]

Here, the trial court's ruling on the motion in limine impacted the witnesses' testimony, the documentary evidence, and the insurer's case. The trial court's exclusion of evidence and limitation on the insurer's argument directly related to the core issue of the case—whether the insured's failure to cooperate prevented the insurer from conducting a meaningful fraud investigation. *See Special v. W. Boca Med. Ctr.*, 160 So. 3d 1251, 1260 (Fla. 2014) (holding plaintiff's inability to critically address issue of over-diagnosis significantly handicapped his medical malpractice action).[3]

Alternatively, the insured argues that any reference to the insured's wrongdoing or fraud would have been highly prejudicial. Indeed, an implication that the insured committed fraud would have been prejudicial. Nevertheless, the probative value of the highly relevant evidence outweighed the danger of unfair prejudice. *See State v. Sills*, 279 So. 3d 1224 (Fla. 4th DCA 2019) (holding trial court erred in excluding expert testimony because exclusion effectively negated or significantly impaired State's ability to prosecute or present case).

For these reasons, we reverse and remand the case for a new trial.

---

[2] The insured argues the insurer could have obtained a deposition in lieu of an EUO. But we have explained the significant difference between an EUO and a deposition.

> First, the obligation to sit for an examination under oath is contractual rather than arising out of the rules of civil procedure. Second, an insured's counsel plays a different role during examinations under oath than during depositions. Third, examinations under oath are taken before litigation to augment the insurer's investigation of the claim while a deposition is not part of the claim investigation process.

*Goldman*, 660 So. 2d at 305.

[3] The insurer also argues it was entitled to a judgment as a matter of law once the jury found that the insured materially failed to cooperate. *See id.* Our prior opinion in this case, however, remanded it for the insurer to prove the insured's material failure to cooperate and resulting substantial prejudice. We are bound by that decision. *Drdek*, 79 So. 3d at 218–19.

*Reversed and remanded.*

GROSS and DAMOORGIAN, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**